# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAR YANG, | 1:09-cv-01195 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER |
| v. | |
| | [Doc. 11] |
| ATTORNEY GENERAL et al., | |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

On July 10, 2009, Petitioner filed his petition for writ of habeas corpus. On April 15, 2010, the Court issued an order reassigning the present matter to Magistrate Judge Michael J. Seng and served the order on Petitioner. (Reassignment Order, ECF No. 10.) On April 26, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On May 7, 2010, the Court issued a order to show cause why the petition should not be dismissed due to Petitioner's failure to prosecute the present matter. (Order to Show Cause, ECF No. 11.)  On May 14, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.[1]  Over sixty-three (63) days have passed since mail directed

---

[1] It is also noted that Respondent filed a motion to dismiss for lack of jurisdiction on May 25, 2010 and therein informed the Court that Petitioner had been released from custody. (Mot. to Dismiss, ECF No. 12.)

1  to the Petitioner has been returned.

2  Local Rule 183(b) requires, a party appearing in propria persona to keep the Court
3  apprised of his or her current address at all times. It provides, in pertinent part:

4  > If mail directed to a plaintiff in propria persona by the Clerk is
5  > returned by the U.S. Postal Service, and if such plaintiff fails to
6  > notify the Court and opposing parties within sixty-three (63) days
6  > thereafter of a current address, the Court may dismiss the action
6  > without prejudice for failure to prosecute.

7  In the instant case, over sixty-three (63) days have passed since Petitioner's mail was
8  returned and he has not notified the court of a current address.

9  In determining whether to dismiss an action for lack of prosecution, the court must
10  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
11  court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public
12  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
13  alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King,
14  856 F.2d 1439, 1440-41 (9th Cir. 1988). The Court finds that the public's interest in
15  expeditiously resolving this litigation and the court's interest in managing the docket weigh in
16  favor of dismissal as this case has been pending since July 10, 2009. The Court cannot hold
17  this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his
18  address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal,
19  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting
20  an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public
21  policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor
22  of dismissal discussed herein. Finally, given the Court's inability to communicate with
23  Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no
24  lesser sanction is feasible.

25  Petitioner has failed to inform the Court of his current address as required by Local Rule
26  183(b) and court order. Therefore, his petition must be dismissed.

27  ///

28  ///

1  ///

2  **ORDER**

3  Accordingly, IT IS HEREBY ORDERED that:

4  1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

5  2. The Clerk of Court is DIRECTED to dismiss all pending motions as MOOT;

6  3. The Clerk of Court is DIRECTED to enter judgment.

13  IT IS SO ORDERED.

14  Dated:   July 16, 2010                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE